IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-75-4H
No. 5:16-CV-439-H

MARY SHANTA ELLIS,  )
    Petitioner,  )
                                      )
v.                             )       **ORDER**
                                      )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on the government's motion to dismiss, [D.E. #297], petitioner's motion to vacate her sentence under 28 U.S.C. § 2255, [D.E. #281]. Petitioner has filed a response, [D.E. #301], and this matter is ripe for adjudication.

## BACKGROUND

On July 7, 2014, petitioner, pursuant to a written plea agreement, entered a plea of guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One). In her written plea agreement, petitioner expressly waived her right to appeal whatever sentence was imposed on any ground, "including any issues that relate to the establishment of the advisory [g]uideline range," reserving only the right to appeal a sentence imposed in excess of the applicable advisory guidelines and additionally to waive "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C.

§ 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct. . ." [D.E. #133 at 1].

In the plea agreement, the parties agreed a downward adjustment of three levels for acceptance of responsibility was warranted. The parties also agreed a "downward variance of two base offense levels" was appropriate in accordance with the then-pending revision to United States Sentencing Guidelines ("USSG") § 2D1.1.[1] Following preparation of the Presentence Investigation Report (PSR), the base offense level was calculated to be 30 and following a two-level reduction pursuant to § 5C1.2, the adjusted offense level was calculated to be 28. [D.E. #189 PSR ¶67]. Following the three-level adjustment for acceptance of responsibility, the total offense level was 25. Petitioner did not make any written objections to the PSR. At sentencing on August 11, 2015, counsel for petitioner did not make an objection to what petitioner alleges was a lack of two-level reduction under § 5C1.2 as this two-level reduction was already accounted for in

---

[1] Petitioner's plea agreement includes an agreement between the parties for a "downward variance of two base offense levels" pursuant to the petitioner's agreement to waive any later claim based upon an amendment to USSG § 2D1.1 adopted April 10, 2014 and effective November 1, 2014. [D.E. #133 Plea Agreement at 2, 7]. Petitioner signed her plea agreement on June 18, 2014, and was sentenced on August 11, 2015, at which time the amended USSG § 2D1.1 was effective and applied to the calculation of her advisory guideline range. The petitioner's base offense level was calculated to be 30 instead of 32. Therefore, the agreement for a two-level "downward variance" in the plea agreement was moot as the amended USSG § 2D1.1 had been applied. This two-level "downward variance" is not in dispute in this case.

2

the PSR. [D.E. #189 PSR ¶67]. This court adopted the calculation of the advisory guideline range from the PSR, 57 to 71 months, and sentenced petitioner to the bottom of the range, a term of imprisonment of 57 months.

Petitioner did not file an appeal. Petitioner timely filed this motion to vacate on June 17, 2016.

## COURT'S DISCUSSION

### I. Ineffective Assistance of Counsel ("IAC") Standard[2]

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too

---

[2] To the extent petitioner claims a violation of her due process rights due to failure of counsel to object to the lack of a two-level reduction for the Safety Valve pursuant to USSG § 5C1.2, the claim is barred because petitioner waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea" in her plea agreement. D.E. #133 Plea Agreement at 1. Therefore, the court considers counsel's failure to object to the alleged lack of a two-level reduction for the Safety Valve in light of petitioner's ineffective assistance of counsel claim.

3

easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

A. Retroactively Applicable Amended USSG § 3B1.2

In an Addendum to her Motion to Vacate, [D.E. #291], petitioner attempts to challenge the establishment of her advisory guideline range pursuant to a retroactively applicable amended § 3B1.2 providing a two-level reduction for a defendant who played a minor role in the offense.[3] Such claims are barred by the appeal waiver contained in petitioner's plea agreement, in which she agreed to waive her right to appeal her sentence including any issues relating to the establishment of the advisory guidelines range, with the exception of a sentence imposed in excess of the established guideline range. See Plea Agreement [D.E. #133 at 1].

---

[3] Because petitioner's motion to vacate, [D.E. #281], was still pending at the time of filing the addendum, the addendum is not considered a successive or second motion to vacate under 28 U.S.C. § 2255. Instead the addendum is considered a motion to amend the motion to vacate. Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002); United States v. Isaac, 2006 WL 2038521 (E.D. Va. July 19, 2006) (unpublished). To the extent petitioner intended to amend the motion to vacate by filing an addendum, her motion to amend is granted and considered by the court.

4

Such waivers are valid and enforceable when they are knowingly and voluntarily made. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Sworn testimony offered by a criminal defendant in open court affirming her plea agreement "[carries] a strong presumption of verity." See Id. (quoting United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)). At her arraignment, the court found petitioner's plea was freely and voluntarily entered. [D.E. #126 at 1]. Petitioner's sentence was not in excess of the applicable advisory guideline range. Therefore, this claim is dismissed as waived.

B. <u>IAC at Sentencing</u>

Petitioner alleges counsel rendered ineffective assistance by failing to object at sentencing to the lack of application of the "Safety Valve," although petitioner qualified under the five criteria outlined in USSG § 5C1.2 pursuant to USSG § 2D1.1(b)(17). The court notes petitioner's claim lacks merit because the "Safety Valve" reduction of two base offense levels pursuant to USSG § 5C1.2 was already applied in the PSR. [D.E. #189 at 15 ¶67]. Finding petitioner was not deprived of the two-level Safety Valve reduction as it was already included in the advisory guideline range calculation so that the petitioner's base offense level was reduced from 30 to 28, the petitioner's claim fails.

5

C. <u>IAC after Sentencing</u>

In her motion to vacate, petitioner also alleges counsel was ineffective by failing to inform petitioner of her right to appeal; failing to advise petitioner of explicit details involved in challenging her sentence through an appeal; and failing to file an appeal. "An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue." <u>U.S. v. Blondeau</u>, 480 Fed.App'x 241, *242 (4th Cir. 2012) (unpublished) (citing <u>United States v. Witherspoon</u>, 231 F.3d 923, 925-27 (4th Cir. 2000). Here, issues of fact remain beyond the record as to whether counsel for petitioner failed to consult with petitioner regarding her right to appeal and whether petitioner unequivocally instructed counsel to file an appeal. Considering the <u>pro se</u> status of the petitioner and in an abundance of caution, the court "grant[s] a prompt hearing thereon, [to] determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255 (West).

**CONCLUSION**

For the foregoing reasons, the court grants in part government's motion to dismiss [D.E. #297] and hereby DISMISSES petitioner's "Safety Valve" and "Minor Role" claims contained in her § 2255 motion and amended motion, [D.E. #281, #291]. Pursuant

6

to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing § 2255 Proceedings, petitioner's IAC claim after sentencing is referred to United States Magistrate Judge Kimberly A. Swank to conduct an evidentiary hearing. After review, Magistrate Judge Swank is directed to submit a Memorandum and Recommendation ("M&R") to the undersigned concerning petitioner's remaining claims.

The Federal Public Defender is directed to assign counsel to represent petitioner at the hearing. After counsel has been assigned, he or she shall file a notice of appearance. Magistrate Judge Swank shall then schedule and hold the evidentiary hearing. The clerk is directed to serve a copy of this order on the Office of the Federal Public Defender.

This 27th day of June 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35